**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 23-51715-JAW** |
| | § | |
| **EL DORADO GAS & OIL, INC., *et al.*,**[1] | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.** | § | **(Substantively Consolidated)** |
| | § | |

**COVER SHEET FOR THE SECOND INTERIM APPLICATION FOR THE ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR MURPHY BALL STRATTON LLP FROM JANUARY 1, 2026 TO APRIL 30, 2026**

**I. CLIENT:** Dawn M. Ragan, Chapter 11 Trustee.

**II. APPLICANT:** Murphy Ball Stratton LLP, special appellate counsel for the Chapter 11 Trustee for El Dorado Gas & Oil, Inc., approved by the Court on July 17, 2025 and effective as of June 16, 2024 [Docket No. 1426]

**III. TOTAL AMOUNT OF FEES AND EXPENSES REQUESTED:**

| | |
|---|---|
| Fees Requested for Compensation Period: | $52,440.00 |
| Expenses Requested for Compensation Period: | $1,016.63 |
| Pre-petition Retainer: | None |
| Total Amount Requested for Compensation Period: | $53,456.00 |
| Amount Previously Paid for Compensation Period: | $42,968.63 |
| Amount of Fees Subject to the 20% Holdback: | $52,440.00 |
| Voluntary Reduction: | $0.00 |
| Remaining Amount of Fees and Expenses Requested to be Paid: | $10,488.00 |

Minimum Fee Increments—Time was kept in six-minute increments or ".1" hours

1 The Debtors in these substantively consolidated cases are: *In re El Dorado Gas & Oil, Inc.*, Case No. 23-51715-JAW; *In re Hugoton Operating Company, Inc.*, Case No. 23-51139-JAW; *In re Bluestone Natural Resources II - South Texas, LLC*, Case No. 24-50223-JAW; and *In re World Aircraft, Inc.*, Case No. 24-50224-JAW.

| | |
|---|---|
| Time Period Covered: | January 1, 2026 through April 30, 2026 |
| Blended Rate for Professionals: | $800.00 |
| Blended Rate for Paraprofessionals: | $300.00 |

**IV. Services by Professionals During the Compensation Period:**

| Timekeeper's Name | Title/Practice Area | State and Year of Bar Admission | Hourly Rate | Hour | Total |
|---|---|---|---|---|---|
| Michelle Stratton "MS" | Partner / Appellate | La. 2010 Tex. 2013 | $800.00 | 13.2 | $10,560.00 |
| Christian McGuire "CM" | Associate / Appellate | Okla. 2022 | $800.00 | 45.1 | $36,080.00 |
| Dane Ball "DB" | Partner / Appellate | Tex. 2005 | $800.00 | 6.8 | $5,440.00 |
| Kennedy Barton "KB" | Paralegal | N/A | $300.00 | 0.3 | $90.00 |
| Quinn Murphy "QM" | Paralegal | N/A | $300.00 | 0.6 | $180.00 |
| Izzy Guiterrez "IG" | Paralegal | N/A | $300.00 | 0.3 | $90.00 |
| **TOTAL:** | | | | **66.3** | **$52,440.00** |

**V. Services By Categories During the Compensation Period:**

| Description of Services | Hours | Total Fees |
|---|---|---|
| Case Administration | 0.7 | $560.00 |
| Document/File Management | 1.2 | $360.00 |
| Analysis/Strategy | 0.2 | $160.00 |
| Appellate Briefs | 24.4 | $19,520.00 |
| Oral Argument | 39.8 | $31,840.00 |
| **TOTAL:** | **66.3** | **$52,440.00** |

**VI. Summary of Monthly Fee Statements During the Compensation Period:**

| Monthly Fee Statement Filing Date, Dkt. No. | Period Covered by Statement | Total Fees Requested | Total Expenses Requested | Amount of Fees Paid (80% of Total Fees Requested) | Amount of Expenses Paid (100%) | Fees Held Back |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/8/2026 Dkt. # 1724 | 1/1/26 – 1/31/26 | $16,660.00 | $0.00 | $13,328.00 | $0.00 | $3,332.00 |
| 5/6/26 Dkt. # 1840 | 2/1/26 – 4/30/26 | $35,780.00 | $1,016.63 | $28,624.00 | $1,016.63 | $7,156.00 |
| **TOTAL:** | | **$52,440.00** | **$1,016.63** | **$41,952.00** | **$1,016.63** | **$10,488.00** |

**VII. Prior Applications for Compensation:**

The first interim request was for the period from June 16, 2025 - December 31, 2025, and the Court entered an order [Dkt. # 1785] awarding $87,576 in compensation.

Dated: July 3, 2026

Respectfully submitted,

*/s/ Michelle Stratton*
Michelle Stratton (Texas Bar No. 24085606)
MURPHY BALL STRATTON LLP
1001 Fannin, Ste. 720
Houston, TX 77002
Telephone: (832) 726-8321
mstratton@mbssmartlaw.com

*Special Appellate Counsel to Dawn M. Ragan, Chapter 11 Trustee for El Dorado Gas & Oil, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 23-51715-JAW** |
| | § | |
| **EL DORADO GAS & OIL, INC., *et al.*,**[1] | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.** | § | **(Substantively Consolidated)** |
| | § | |

**SECOND INTERIM APPLICATION FOR THE ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR MURPHY BALL STRATTON LLP FROM JANUARY 1, 2026 TO APRIL 30, 2026**

**In accordance with the *Order Granting Motion to Implement Interim Compensation and Reimbursement Procedures for Professionals* [Docket No. 314], each party receiving notice of this Application will have until 5:00 p.m. (Central Time), twenty-one (21) days after the date of service hereof, to object to the requested fees and expenses. Upon the expiration of such 21-day period, if no objections are filed, the Court may treat this Application as unopposed and grant the relief requested.**

Murphy Ball Stratton LLP ("MBS"), special appellate counsel for Dawn M. Ragan, the chapter 11 trustee (the "Trustee") for El Dorado Gas & Oil, Inc. ("El Dorado" or the "Debtor"), files this *Second Interim Application for the Allowance of Compensation and Reimbursement of Expenses for Murphy Ball Stratton LLP from January 1, 2026 to April 30, 2026* (the "Application") for the allowance of compensation and reimbursement of expenses as counsel to the Trustee, for the period of January 1, 2026 through April 30, 2026 ("Compensation Period"), pursuant to sections 105(a), 330, 331, and 503(b) of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"); Rules 2014, 2016, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rules 2014-1 and 2016-1 of the Uniform Local Rules United States Bankruptcy Courts Northern and Southern Districts of Mississippi; the Court's *Order*

[1] The Debtors in these substantively consolidated cases are: *In re El Dorado Gas & Oil, Inc.*, Case No. 23-51715-JAW; *In re Hugoton Operating Company, Inc.*, Case No. 23-51139-JAW; *In re Bluestone Natural Resources II - South Texas, LLC*, Case No. 24-50223-JAW; and *In re World Aircraft, Inc.*, Case No. 24-50224-JAW.

*Granting Motion to Implement Interim Compensation and Reimbursement Procedures for Professionals* [Docket No. 314] (the "Interim Compensation Order"); and the *Fee Guidelines* (the "UST Guidelines") promulgated by the Office of the United States Trustee (the "UST").

This Application is submitted by MBS in recognition that payment may be delayed due to the availability of funds and efforts to prioritize the payment of the obligations of the substantively consolidated Debtor cases. MBS, nonetheless, submits this Application so that the Trustee may pay MBS as funds become available in the ordinary course pursuant to the Interim Compensation Order.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Bankruptcy pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. Procedural Background

2. Hugoton Operating Company, Inc. ("Hugoton", filed its voluntary petition under chapter 11 of the Bankruptcy Code on August 14, 2023. El Dorado filed its voluntary chapter 11 petition on December 22, 2023.

3. On January 22, 2024, the Court approved Ms. Ragan as the chapter 11 trustee for Hugoton. On February 2, 2024, the Court approved Ms. Ragan as the chapter 11 trustee for El Dorado. On March 12, 2024, this Court entered an order authorizing the joint administration of the El Dorado and Hugoton cases.

4. Bluestone Natural Resources II - South Texas, LLC ("Bluestone") and World Aircraft, Inc. ("World Aircraft") commenced their own respective chapter 11 cases on February

22, 2024. On May 22, 2024, the Court authorized the Trustee to serve as the independent manager for Bluestone and independent director for World Aircraft. On May 23, 2024, the Court entered an order approving the joint administration of all four bankruptcy cases (collectively, the "Cases") with El Dorado as the lead case. On August 21, 2025, the Court ordered the substantive consolidation of Hugoton, El Dorado, Bluestone, and World Aircraft, along with El Dorado Oil & Gas, Inc., with El Dorado remaining as the lead case.

5. Following her appointment, the Trustee sought the employment of Kelly Hart & Hallman LLP ("Kelly Hart") as counsel and CR3 Partners, LLP ("CR3"), as financial advisor for her in her role as the Trustee for El Dorado and Hugoton and, later, for World Aircraft and Bluestone. The Court approved the requested employment and related payment structures for both Kelly Hart and CR3. No official committee of unsecured creditors has been established in these Cases.

6. Thereafter, the Trustee sought the employment of MBS as her special appellate counsel in her role as the Trustee for El Dorado. The Court has since approved the requested employment and related payment structures for MBS.

**B. Appellate Matters**

7. Prior to filing bankruptcy, El Dorado obtained a pre-petition judgment against ETC Texas Pipeline, Ltd. ("ETC"), in the amount of $17,348,563. During the Compensation Period, the Trustee retained MBS as special appellate counsel to pursue the appeal of the judgment against ETC.

8. During the Compensation Period, MBS researched, analyzed, drafted, and filed El Dorado's Reply Brief in support of its cross-appeal. MBS also prepared for and delivered oral argument before the Eighth Court of Appeals.

## REQUEST FOR ALLOWANCE

9. This Application is the second interim fee application filed by MBS as special appellate counsel to the Trustee. The Application covers the interim period of January 1, 2026 to April 30, 2026. By this Application, MBS requests interim approval of its fees in the amount of $52,440.00 and expenses in the amount of $1,016.63, for a total of $53,456.00

10. During the Compensation Period, MBS's timekeepers expended 66.3 hours in representing the Trustee. A breakdown reflecting the various project areas in which MBS expended time and rendered services—organized by timekeeper and task—is set forth below and attached hereto as **Exhibits A–C**. MBS has not received a retainer in connection with its representation of the Trustee.

### A. Standards for the Allowance of Fees and Expenses

11. Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary professional services rendered by a professional in the case, after determining the reasonableness of the compensation requested based upon the nature, extent, and value of such services. Similarly, a bankruptcy court may allow the reimbursement of actual and necessary expenses incurred in connection with the rendition of such services. Specifically, section 330 of the Bankruptcy Code provides in pertinent part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 . . . —
>
> > (A) reasonable compensation for actual, necessary services rendered by the . . professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses
>
> ***

> (3) In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(1) and (3) (emphasis added).

12. In considering the reasonableness of compensation requested under section 330 of the Bankruptcy Code, the Fifth Circuit has traditionally used the lodestar method, whereby the lodestar is calculated by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate in the community and then adjusted upward or downward based upon the factors listed in section 330(a)(3) and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] *See In re Cahill*, 428 F.3d 536, 539–40 (5th Cir. 2005); *see also Peele v.*

---

2 The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues addressed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

*Cunningham (In re Tex. Sec., Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862–863 (5th Cir. 1997); *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

### B. Application of Standard to MBS's Request for Interim Allowance of Compensation

13. MBS's requests interim allowance of its fees incurred during the Compensation Period in the amount of $52,440.00. Such fees are reasonable and supported under the factors set forth in section 330(a)(3) of the Bankruptcy Code and *Johnson*, as explained below.

14. Time Spent on Services and Nature of Services Rendered. During the Compensation Period, MBS expended a total of 66.3 hours in its representation, which can be broken down into the following categories and amounts:

**(a) Case Administration**:

During the Compensation Period, MBS, among other things, assisted the Trustee with services in this category, which included preparing First Interim Fee Application materials.

MBS spent 0.7 hours under this category for total fees requested in the amount of $560.00.

**(b) Document/File Management**

During the Compensation Period, MBS, among other things, assisted the Trustee with services in this category, which included saving relevant documents to the file and OCRing record excerpts.

MBS spent 1.2 hours under this category for total fees requested in the amount of $360.00.

**(c) Analysis/Strategy**

During the Compensation Period, MBS, among other things, assisted the Trustee with services in this category, which included analyzing the best approach to a late-raised argument by Appellant on appeal.

MBS spent 0.2 hours under this category for total fees requested in the amount of $160.00.

**(d) Appellate Brief**:

During the Compensation Period, MBS, among other things, assisted the Trustee with services in this category, which included: reviewing Appellant's briefs; reviewing the appellate record; researching and analyzing legal and factual contentions; strategizing internally and with co-counsel about the most effective arguments; and drafting, editing, and filing a reply brief.

MBS spent 24.4 hours under this category for total fees requested in the amount of $19,520.00.

**(d) Oral Argument:**

During the Compensation Period, MBS, among other things, assisted the Trustee with services in this category, which included: preparing for oral argument by reviewing the briefs and conducting a mock argument, as well as delivering oral argument.

MBS spent 39.8 hours under this category for total fees requested in the amount of $31,840.00.

15. Attached hereto as **Exhibits A–C** are a variety of compensation support exhibits, Attached hereto as **Exhibit A** consist of contemporaneous time records with detailed descriptions of the legal services rendered by MBS during the Compensation Period. A breakdown of time by category is attached hereto as **Exhibit B**. A breakdown of the hours expended by each particular timekeeper, and the respective hourly rate associated with each particular timekeeper, is attached hereto as **Exhibit C**.

16. Rates Charged for Such Services and the Customary Nature. Pursuant to MBS's fee arrangement, MBS's fees have been determined on an hourly fee basis, utilizing an hourly rate customarily charged by MBS to clients of the firm in other representations. During the Compensation Period, MBS's rates in these Cases ranged from $300 to $800.

17. Necessary and Beneficial Nature of Services. MBS submits that its efforts in assisting and representing the Trustee in the matters generally described herein have been both necessary and beneficial to the estate and the administration of these Cases.

18. Reasonableness of Time Expended and Time Constraints. MBS's attorneys expended only that time which they deemed necessary to accomplish the Trustee's objectives. In this regard, many issues encountered during the pendency of these Cases were both complicated and time consuming. This, in turn, has limited MBS's ability to take on other significant engagements.

19. Skill and Expertise in the Appellate Field. MBS has demonstrated skill and expertise in the Appellate field. Partner Michelle Stratton clerked on the United States Court of Appeals for the Fifth Circuit and on the Supreme Court of the United States. As a Bristow Fellow in the United States Department of Justice, Office of the Solicitor General, she helped manage the nationwide appellate litigation of the United States. In private practice, Ms. Stratton has represented clients in the Supreme Court of the United States, the United States Courts of Appeals for the Fifth, Eighth, and D.C. Circuits, the Texas Supreme Court, and various intermediate Texas appellate courts. She has written scores of briefs and delivered oral arguments before the Fifth Circuit, the D.C. Circuit, the Texas Supreme Court and the Houston court of appeals. Associate Christian McGuire likewise clerked on the United States Court of Appeals for the Fifth Circuit and has written briefs for clients in the Supreme Court of the United States, the United States Courts of Appeals for the Fifth and Eighth Circuits, the Texas Supreme Court, and Houston's court of appeals.

20. Reasonableness of Fees. MBS submits that its hourly fee structure is comparable to other firms located in this District having appellate practitioners of the same expertise and

experience level as MBS. MBS further submits that the amount of fees requested by it in relation to the work generally described above is within the range of fees customarily approved by bankruptcy courts in cases of similar size, complexity, and contentiousness, and that MBS's experience and expertise in complex appellate matters have resulted in the efficient handling of difficult tasks that would otherwise have required a greater expenditure of time had less experienced counsel handled these matters.

21. Pursuant to section 331 of the Bankruptcy Code and the Interim Compensation Order, interim applications for the allowance of fees and expenses may be submitted every one hundred twenty (120) days following the entry of an order for relief, or at such earlier intervals as the court permits. *See* 11 U.S.C. § 331.

### C. Application of Standard to MBS's Request for Interim Allowance of Expenses

22. MBS's requests interim allowance of its expenses incurred during the Compensation Period in the amount of $1,016.63 which are actual, necessary and reasonable expenses that comply with 330(a)(1)(B) of the Bankruptcy Code.

## CONCLUSION

MBS's respectfully requests that the Court enter a proposed order, substantially in the form attached hereto, (i) granting interim approval of its fees and expenses in the amount of $53,456.00, which accrued during the Compensation Period as special appellate counsel to the Trustee; (ii) authorizing the Trustee to pay such outstanding allowed interim fees to MBS; (iii) authorizing the Trustee to pay the unpaid balance of such fees held back in accordance with the Interim Compensation Order, in the amount of $10,488.00 (representing the amount of 20% holdback allowance of unpaid fees from the monthly statements less any voluntary reduction discussed herein) and (iii) granting such other and future relief to which MBS may be justly entitled.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 3, 2026

Respectfully submitted,

*/s/ R. Michael Bolen*
R. Michael Bolen (MSB No. 3615)
HOOD & BOLEN, PLLC
3770 Highway 80 West
Jackson, Mississippi 39209
Telephone: (601) 923-0788
Facsimile: (601) 922-2968
rmb@hoodbolen.com

*Counsel to Dawn M. Ragan, Chapter 11 Trustee for Hugoton Operating Company, Inc., and El Dorado Gas & Oil, Inc.*

-and-

Michelle Stratton (Texas Bar No. 24085606)
MURPHY BALL STRATTON LLP
1001 Fannin, Ste. 720
Houston, TX 77002
Telephone: (832) 726-8321
mstratton@mbssmartlaw.com

*Special Appellate Counsel to Dawn M. Ragan, Chapter 11 Trustee for El Dorado Gas & Oil, Inc.*

## CERTIFICATE OF SERVICE

I, R. Michael Bolen, do hereby certify that I have this day served by electronic mail, electronic filing transmission, hand delivered or mailed by first class mail, postage prepaid, a true and correct copy of the foregoing application to the parties listed below and to those on the CM/ECF mailing system on this the 3rd day of July, 2026.

*/s/ R. Michael Bolen*
R. Michael Bolen

U. S. Trustee
Suite 6-430
501 E. Court St.,
Jackson, Mississippi 39201
USTPRegion05.JA.ECF@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 23-51715-JAW** |
| | § | |
| **EL DORADO GAS & OIL, INC., *et al.*,**[1] | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.** | § | **(Substantively Consolidated)** |
| | § | |

**VERIFICATION FOR THE SECOND INTERIM APPLICATION FOR THE ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR MURPHY BALL STRATTON LLP FROM JANUARY 1, 2026 TO APRIL 30, 2026**

I, Michelle Stratton, a partner with Murphy Ball & Stratton LLP, as approved special appellate counsel for Dawn M. Ragan, the chapter 11 trustee for El Dorado Gas & Oil, Inc., do hereby declare and certify under penalty of perjury that the statements contained in the *Second Interim Application for the Allowance of Compensation and Reimbursement of Expenses for Murphy Ball & Stratton LLP from January 1, 2026 to April 30, 2026* are true and correct as therein stated and hereby makes application for payment of reasonable compensation and necessary expenses for Murphy Ball Stratton LLP.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Michelle Stratton
Michelle Stratton
Partner
Murphy Ball Stratton LLP

1 The Debtors in these substantively consolidated cases are: *In re El Dorado Gas & Oil, Inc.*, Case No. 23-51715-JAW; *In re Hugoton Operating Company, Inc.*, Case No. 23-51139-JAW; *In re Bluestone Natural Resources II - South Texas, LLC*, Case No. 24-50223-JAW; and *In re World Aircraft, Inc.*, Case No. 24-50224-JAW.

**Dawn Ragan, Ch. 11 Trustee for El Dorado**

# Invoice 10786

| | |
|---|---|
| **Date** | Feb 02, 2026 |
| **Terms** | |
| **Service Thru** | Jan 31, 2026 |

**In Reference To: ETC Texas Pipeline Appeal (Labor)**

| Date | By | Services | Hours | Rates | Amount |
|---|---|---|---|---|---|
| 01/05/2026 | CM | **A104 - Review/analyze**<br>**L520 - Appellate Briefs**<br>Review draft reply brief from Silverbow. Draft revisions. | 2.60 | $ 800.00/hr | $ 2,080.00 |
| 01/05/2026 | MS | **A104 - Review/analyze**<br>**L520 - Appellate Briefs**<br>Reviewed Silverbow's draft cross-reply brief and analyzed areas for improvement. | 0.60 | $ 800.00/hr | $ 480.00 |
| 01/06/2026 | CM | **A104 - Review/analyze**<br>**L520 - Appellate Briefs**<br>Review ETC reply brief (0.5). Research and analyze possible rebuttals (2.0). Meeting with M. Stratton to discuss the same (0.1). Correspondence with codefendant's counsel regarding the same (0.1). Review previous briefing on motion to strike (0.4). | 3.10 | $ 800.00/hr | $ 2,480.00 |
| 01/06/2026 | MS | **A105 - Communicate (in firm)**<br>**L520 - Appellate Briefs**<br>Call with C. McGuire to discuss ETC's reply brief points. | 0.50 | $ 800.00/hr | $ 400.00 |
| 01/06/2026 | MS | **A102 - Research**<br>**L520 - Appellate Briefs**<br>Reviewed record on El Dorado's standing. | 0.80 | $ 800.00/hr | $ 640.00 |
| 01/07/2026 | CM | **A105 - Communicate (in firm)**<br>**L120 - Analysis/Strategy**<br>Discuss standing issue with M. Stratton. | 0.20 | $ 800.00/hr | $ 160.00 |
| 01/07/2026 | MS | **A104 - Review/analyze**<br>**L520 - Appellate Briefs**<br>Reviewed record and law to analyze ETC's standing arguments. | 1.90 | $ 800.00/hr | $ 1,520.00 |
| 01/07/2026 | QM | **A110 - Manage data/files**<br>**L140 - Document/File Management**<br>Extracting and OCRing record excerpt at request of MSS. | 0.60 | $ 300.00/hr | $ 180.00 |

Exhibit "A"

| | | | | | |
|---|---|---|---|---|---|
| 01/08/2026 | CM | **A103 - Draft/revise**<br>**L520 - Appellate Briefs**<br>Research issues related to ETC's novel standing argument that interprets the Purchase and Sale agreement (2.7). Draft new introduction to the reply brief (1.0). Redraft reply brief to rebut ETC brief's criteria for distinguishing past damages from future damages (2.5). Redraft reply brief to rebut ETC's theories regarding the source of Appellees' injury (3.1). Finalize and copyedit reply brief (0.3). | 9.60 | $ 800.00/hr | $ 7,680.00 |
| 01/09/2026 | CM | **A103 - Draft/revise**<br>**L520 - Appellate Briefs**<br>Review M. Stratton's edits. Double-check word limit. | 0.10 | $ 800.00/hr | $ 80.00 |
| 01/09/2026 | MS | **A103 - Draft/revise**<br>**L520 - Appellate Briefs**<br>Edited Appellees' cross-appeal reply brief. | 1.10 | $ 800.00/hr | $ 880.00 |
| 01/12/2026 | CM | **A105 - Communicate (in firm)**<br>**L520 - Appellate Briefs**<br>Review filed reply brief and related correspondence. | 0.10 | $ 800.00/hr | $ 80.00 |

| | |
|---|---|
| **Total Hours** | 21.20 hrs |
| **Total Labor** | $ 16,660.00 |
| **Total Invoice Amount** | $ 16,660.00 |
| **Previous Balance** | **$ 71,815.00** |
| 12/23/2025 Payment - Wire Transfer | ($56,040.00) |
| **Balance (Amount Due)** | **$ 41,136.00** |

**Dawn Ragan, Ch. 11 Trustee for El Dorado**

# Invoice 10903

| | |
|---|---|
| **Date** | May 04, 2026 |
| **Terms** | |
| **Service Thru** | Apr 30, 2026 |

**In Reference To: ETC Texas Pipeline Appeal (Labor)**

| Date | By | Services | Hours | Rates | Amount |
|---|---|---|---|---|---|
| 02/02/2026 | KB | **A110 - Manage data/files**<br>**L140 - Document/File Management**<br>Sending M. Stratton slipsheeted exhibits; saving December 2025 - January 2026 invoice to SharePoint. | 0.30 | $ 300.00/hr | $ 90.00 |
| 02/25/2026 | MS | **A104 - Review/analyze**<br>**L190 - Other Case Assessment, Development and Admin**<br>Reviewed and edited First Interim Fee Application materials. | 0.70 | $ 800.00/hr | $ 560.00 |
| 03/30/2026 | CM | **A108 - Communicate (other external)**<br>**L530 - Oral Argument**<br>Meeting with codefendant counsel to discuss division of oral argument. Correspondence with m. Stratton regarding the same. | 0.50 | $ 800.00/hr | $ 400.00 |
| 04/13/2026 | CM | **A112 - Travel**<br>**L530 - Oral Argument**<br>Arrange travel for oral argument in San Antonio. | 0.30 | $ 800.00/hr | $ 240.00 |
| 04/14/2026 | CM | **A105 - Communicate (in firm)**<br>**L530 - Oral Argument**<br>Correspondence with paralegals regarding letter for oral argument. | 0.10 | $ 800.00/hr | $ 80.00 |
| 04/15/2026 | DB | **A104 - Review/analyze**<br>**L530 - Oral Argument**<br>Read briefing to create questions and points for tomorrow's moot argument in preparation for oral argument. | 3.50 | $ 800.00/hr | $ 2,800.00 |
| 04/15/2026 | MS | **A104 - Review/analyze**<br>**L530 - Oral Argument**<br>Reviewed appellate briefing in preparation of mooting for oral argument. | 3.50 | $ 800.00/hr | $ 2,800.00 |
| 04/15/2026 | CM | **A101 - Plan and prepare for**<br>**L530 - Oral Argument**<br>Prepare for OA. | 0.50 | $ 800.00/hr | $ 400.00 |
| 04/16/2026 | IG | **A104 - Review/analyze**<br>**L140 - Document/File Management**<br>Gathering and excerpting exhibits for attorney review before online argument. | 0.30 | $ 300.00/hr | $ 90.00 |

| | | | | | |
|---|---|---|---|---|---|
| 04/16/2026 | CM | **A101 - Plan and prepare for**<br>**L530 - Oral Argument**<br>Review briefing in preparation for oral argument. | 2.50 | $ 800.00/hr | $ 2,000.00 |
| 04/16/2026 | DB | **A104 - Review/analyze**<br>**L530 - Oral Argument**<br>Review record cites to prepare for moot argument in preparation for oral argument. | 1.80 | $ 800.00/hr | $ 1,440.00 |
| 04/16/2026 | DB | **A103 - Draft/revise**<br>**L530 - Oral Argument**<br>Draft questions and suggestions for moot argument. | 0.70 | $ 800.00/hr | $ 560.00 |
| 04/20/2026 | CM | **A101 - Plan and prepare for**<br>**L530 - Oral Argument**<br>Prepare for OA and moot with MBS team. Call with K. White regarding same. | 5.90 | $ 800.00/hr | $ 4,720.00 |
| 04/20/2026 | DB | **A105 - Communicate (in firm)**<br>**L530 - Oral Argument**<br>Moot argument for appeal oral argument. | 0.80 | $ 800.00/hr | $ 640.00 |
| 04/20/2026 | MS | **A101 - Plan and prepare for**<br>**L530 - Oral Argument**<br>Mooted C. McGuire for oral argument. | 0.90 | $ 800.00/hr | $ 720.00 |
| 04/20/2026 | CM | **A112 - Travel**<br>**L530 - Oral Argument**<br>Travel to San Antonio for oral argument. | 7.00 | $ 800.00/hr | $ 5,600.00 |
| 04/21/2026 | CM | **A101 - Plan and prepare for**<br>**L530 - Oral Argument**<br>Prepare for and attend oral argument. | 5.00 | $ 800.00/hr | $ 4,000.00 |
| 04/21/2026 | CM | **A112 - Travel**<br>**L530 - Oral Argument**<br>Travel from San Antonio to Tulsa. | 6.00 | $ 800.00/hr | $ 4,800.00 |
| 04/22/2026 | CM | **A106 - Communicate (with client)**<br>**L530 - Oral Argument**<br>Attend meeting with client regarding oral argument and supplemental briefing. | 0.40 | $ 800.00/hr | $ 320.00 |
| 04/22/2026 | MS | **A104 - Review/analyze**<br>**L530 - Oral Argument**<br>Call with C. McGuire to discuss oral argument and supplemental briefing; researched and analyzed caselaw and record regarding standing argument. | 3.20 | $ 800.00/hr | $ 2,560.00 |
| 04/22/2026 | CM | **A105 - Communicate (in firm)**<br>**L530 - Oral Argument**<br>Discuss oral argument with M. Stratton. | 0.40 | $ 800.00/hr | $ 320.00 |
| 04/22/2026 | CM | **A105 - Communicate (in firm)**<br>**L520 - Appellate Briefs**<br>Correspondence regarding standing issue and supplemental briefing. | 0.30 | $ 800.00/hr | $ 240.00 |
| 04/22/2026 | CM | **A106 - Communicate (with client)**<br>**L520 - Appellate Briefs**<br>Correspondence re client update and scheduling a follow up meeting. | 0.20 | $ 800.00/hr | $ 160.00 |

| | | | | | |
|---|---|---|---|---|---|
| 04/27/2026 | CM | **A101 - Plan and prepare for**<br>**L520 - Appellate Briefs**<br>Review oral argument questions on standing in preparation for supplemental briefing. | 0.30 | $ 800.00/hr | $ 240.00 |

**In Reference To: ETC Texas Pipeline Appeal (Expenses)**

| Date | By | Expenses | Amount |
|---|---|---|---|
| 04/20/2026 | CM | **E110 - Out-of-town travel**<br>Uber to hotel from San Antonio airport, 4/20 | $ 29.14 |
| 04/20/2026 | CM | **E110 - Out-of-town travel**<br>Roundtrip airfare Tulsa to San Antonio, 4/20-21 | $ 652.40 |
| 04/21/2026 | CM | **E110 - Out-of-town travel**<br>Uber to San Antonio airport, 4/21 | $ 20.65 |
| 04/21/2026 | CM | **E110 - Out-of-town travel**<br>Hotel in San Antonio, 4/20 | $ 314.44 |

| | |
|---|---|
| **Total Hours** | 45.10 hrs |
| **Total Labor** | $ 35,780.00 |
| **Total Expenses** | $ 1,016.63 |
| **Total Invoice Amount** | $ 36,796.63 |
| **Previous Balance** | **$ 41,136.00** |
| 02/25/2026 Payment - Wire Transfer | ($20,289.00) |
| 04/03/2026 Payment - Wire Transfer | ($17,515.20) |
| **Balance (Amount Due)** | **$ 40,128.43** |

**EXHIBIT B**

**ITEMIZATION OF SERVICES RENDERED BY CATEGORY**
**FOR THE PERIOD OF JANUARY 1, 2026 TO APRIL 30, 2026**

| Description of Services | Hours | Total |
|---|---|---|
| Case Administration | 0.7 | $560.00 |
| Document/File Management | 1.2 | $360.00 |
| Analysis/Strategy | 0.2 | $160.00 |
| Appellate Briefs | 24.4 | $19,520.00 |
| Oral Argument | 39.8 | $31,840.00 |
| **TOTAL:** | **66.3** | **$52,440.00** |

# EXHIBIT C

## ITEMIZATION OF SERVICES RENDERED BY TIMEKEEPR FOR THE PERIOD OF JANUARY 1, 2026, THROUGH APRIL 30, 2026

| Timekeeper's Name | Title/Practice Area | State and Year of Bar Admission | Hourly Rate | Hour | Total |
|---|---|---|---|---|---|
| Michelle Stratton "MS" | Partner / Appellate | La. 2010 Tex. 2013 | $800.00 | 13.2 | $10,560.00 |
| Christian McGuire "CM" | Associate / Appellate | Okla. 2022 | $800.00 | 45.1 | $36,080.00 |
| Dane Ball "DB" | Partner / Appellate | Tex. 2005 | $800.00 | 6.8 | $5,440.00 |
| Kennedy Barton "KB" | Paralegal | N/A | $300.00 | 0.3 | $90.00 |
| Quinn Murphy "QM" | Paralegal | N/A | $300.00 | 0.6 | $180.00 |
| Izzy Guiterrez "IG" | Paralegal | N/A | $300.00 | 0.3 | $90.00 |
| **TOTAL:** | | | | **66.3** | **$52,440.00** |